IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMIR ELMORE, | : | |
|           Petitioner, | : | |
| v. | : | Civil Action No. 18-1339-RGA |
| ROBERT MAY, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
|           Respondents.[1] | : | |

## MEMORANDUM OPINION

Amir Elmore. *Pro se* Petitioner.

Andrew Vella, Deputy Attorney General of the Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

August 25, 2021
Wilmington, Delaware

---

[1] Warden Robert May replaced former Warden Dana Metzger, an original party to this case. *See* Fed. R. Civ. P. 25(d).

ANDREWS, UNITED STATES DISTRICT JUDGE:

Petitioner Amir Elmore is an inmate in custody at the James T. Vaughn Correctional Center in Smyrna, Delaware. Petitioner filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition"). (D.I. 3) The State filed Answer in opposition, to which Petitioner filed a Reply. (D.I. 11; D.I. 17) For the reasons discussed, the Court will dismiss the Petition as barred by the limitations period prescribed in 28 U.S.C. § 2244.

## I. BACKGROUND

Following a one-day bench trial on September 29, 2014, the Superior Court convicted Petitioner of possession of a firearm by a person prohibited and possession of ammunition by a person prohibited. (D.I. 12-3 at 3, Entry No. 7) That same day, the Superior Court sentenced Petitioner to a total of fifteen years of incarceration at Level V, suspended after ten years for one year of Level III probation. *See Elmore v. State,* 115 A.3d 1214 (Table), 2015 WL 3613557, at *1 (Del. June 9, 2015); (D.I. 12-3 at 27-28) The Delaware Supreme Court affirmed Petitioner's convictions and sentence on June 9, 2015. *See Elmore,* 2015 WL 3613557, at *3.

On April 15, 2016, Petitioner filed a *pro se* motion for correction of sentence, which the Superior Court denied on April 29, 2016. (D.I. 12-8 at 2-7, 9) The Delaware Supreme Court affirmed that decision on July 21, 2016. *See Elmore v. State*, 144 A.3d 1108 (Table), 2016 WL 4094655, at *3 (Del. July 21, 2016).

On January 5, 2018, Petitioner filed in the Superior Court a *pro se* motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 12-1 at 3, Entry No. 28) The Superior Court summarily dismissed the Rule 61 motion as time-barred on April 20, 2018, and Delaware Supreme Court affirmed that decision on July 17,

2018. (D.I. 12-1 at 3, Entry No. 31); *see Elmore v. State*, 191 A.3d 289 (Table), 2018 WL 3472033, at *1 (Del. July 17, 2018).

Petitioner filed a motion for modification of sentence on February 5, 2018, which the Superior Court denied on February 28, 2018. (D.I. 12-1 at 3, Entry Nos. 29, 30) Petitioner did not appeal that decision.

In February 2018, Petitioner filed the instant Petition asserting the following two grounds for relief: (1) defense counsel provided ineffective assistance by failing to advise him of his right to testify; and (2) defense counsel provided ineffective assistance by "let[ting] police statements go unchallenged." (D.I. 3 at 6)

## II. ONE YEAR STATUTE OF LIMITATIONS

AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). AEDPA's limitations period is subject to statutory and equitable tolling. *See Holland v. Florida*, 560 U.S. 631 (2010) (equitable tolling); 28 U.S.C. § 2244(d)(2) (statutory tolling).

Petitioner does not assert, and the Court cannot see, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Therefore, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment but does not seek certiorari review, the judgment of conviction becomes final, and the statute of limitations begins to run, upon expiration of the ninety-day time period allowed for seeking certiorari review. *See Kapral v. United States*, 166 F.3d 565, 575, 578 (3d Cir. 1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). In this case, the Delaware Supreme Court affirmed Petitioner's convictions on June 9, 2015, and he did not file a petition for a writ of certiorari in the United States Supreme Court. As a result, Petitioner's convictions became final on September 7, 2015. Applying the one-year limitations period to that date, Petitioner had until September 7, 2016 to timely file a habeas petition.[2] *See Wilson v. Beard*, 426 F.3d 653, 662-64 (3d Cir. 2005) (Fed. R. Civ. P. 6(a) applies to AEDPA's limitations period); *Phlipot v. Johnson*, 2015 WL 1906127, at *3 n. 3 (D. Del. Apr. 27, 2015) (AEDPA's one-year limitations period is calculated according to the anniversary method, *i.e.*, the limitations period expires on the

---

[2]The Court notes that 2016 was a leap year with 366 days. However, "[e]very federal circuit that has addressed the issue has concluded that [the] method in [in Fed. R. Civ. P. 6], *i.e.*, the 'anniversary' method, for calculating a time period applies to [ ] AEDPA's one-year limitation period." *Nunez v. California*, 2014 WL 809206, at *3 n.9 (N.D. Ohio Feb. 25, 2014) (collecting cases). "Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of ...' the triggering event to file a federal habeas petition." *Id.* (citation omitted). Using the anniversary method in this case (and, essentially, ignoring the leap day), results in September 7, 2015 being the last day of AEDPA's limitations period.

3

anniversary of the date it began to run). Petitioner, however, did not file the instant Petition until August 29, 2018,[3] two years after that deadline. Thus, the Petition is time-barred and should be dismissed, unless the limitations period can be statutorily or equitably tolled. *See Jones,* 195 F.3d at 158. The Court will discuss each doctrine in turn.

### A. Statutory Tolling

Pursuant to § 2244(d)(2), a properly filed state post-conviction motion tolls AEDPA's limitations period during the time the motion is pending in the state courts, including any post-conviction appeals, provided that the motion was filed and pending before the expiration of AEDPA's limitations period. *See Swartz v. Meyers,* 204 F.3d 417, 420-24 (3d Cir. 2000). The limitations period is also tolled for the time during which an appeal from a post-conviction decision could be filed even if the appeal is not eventually filed. *Id.* at 424. The limitations period, however, is not tolled during the ninety days a petitioner has to file a petition for a writ of certiorari in the United States Supreme Court regarding a judgment denying a state post-conviction motion. *See Stokes v. Dist. Att'y of Philadelphia,* 247 F.3d 539, 542 (3d Cir. 2001).

Here, 221 days of AEDPA's limitations period had already lapsed when Petitioner filed his motion to correct sentence on April 15, 2016. The Superior Court denied the motion to correct sentence on April 29, 2016, and the Delaware Supreme Court affirmed that decision on July 21, 2016. Consequently, the motion to correct sentence tolled the limitations period from April 15, 2016 through July 21, 2016.

---

[3] Pursuant to the prisoner mailbox rule, the Court adopts August 29, 2018 as the filing date because that is the date on Petitioner's certificate of mailing. *See Longenette v. Krusing,* 322 F.3d 758, 761 (3d Cir. 2003) (the date on which a prisoner transmitted documents to prison authorities for mailing is to be considered the actual filing date).

4

The limitations clock started to run again on July 22, 2016, and ran the remaining 144 days without interruption until the limitations period expired on December 13, 2016. Petitioner's Rule 61 motion and motion for modification of sentence filed in January and February 2018, respectively, have no statutory tolling effect, because they were filed after the expiration of the limitations period. Therefore, the instant Petition is time-barred, unless equitable tolling applies.

## B. Equitable Tolling

The one-year limitations period may be tolled for equitable reasons in rare circumstances when the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649-50. With respect to the diligence inquiry, a petitioner's obligation to exercise diligence "does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period [the inmate] is exhausting state remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005). Equitable tolling is not available where the late filing is due to the petitioner's excusable neglect. *See Holland*, 560 U.S. at 651-52. As for the extraordinary circumstance requirement, "the relevant inquiry is not whether the circumstance alleged to be extraordinary is unique to the petitioner, but how severe an obstacle it creates with respect to meeting AEDPA's one-year deadline." *Pabon v. Mahanoy*, 654 F.3d 385, 401 (3d Cir. 2011). Notably, an extraordinary circumstance will only warrant equitable tolling if there is "a causal connection, or nexus, between the extraordinary circumstance [] and the petitioner's failure to file a timely federal petition." *Ross v. Varano*, 712 F.3d 784, 803 (3d Cir. 2013). Consistent with these principles, the Third Circuit has identified three circumstances permitting equitable tolling of AEDPA's limitations period:

5

(1) where the defendant (or the court) actively misled the plaintiff;

(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or

(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

Here, Petitioner asserts that the limitations period should be equitably tolled in the interest of justice because of the "constitutionality of the issues addressed." (D.I. 17 at 2) Contrary to Petitioner's request, however, the fact that he has raised constitutional arguments does not constitute a basis for tolling. Additionally, nothing in Petitioner's submissions indicate that extraordinary circumstances prevented him from asserting his claims, and his failure to explain the long delay between the filing of his state post-conviction motions and this Petition precludes him from demonstrating that he exercised reasonable diligence in pursuing his rights. To the extent Petitioner's untimely filing of the Petition was due to his own ignorance of the law or the result of his miscalculation regarding the one-year filing period, such factors do not warrant equitably tolling the limitations period. *See Taylor v. Carroll*, 2004 WL 1151552, at *5-6 (D. Del. May 14, 2004). In short, nothing indicates that the interests of justice would be better served by addressing the merits of the Petition. *See Day v McDonough*, 547 U.S. 198, 210 (2006).

For all of these reasons, the Court concludes that the doctrine of equitable tolling is not available to Petitioner on the facts he has presented. Accordingly, the Court will dismiss the instant Petition as time-barred.[4]

### III. CERTIFICATE OF APPEALABILITY

---

[4] Having concluded that the instant Petition is time-barred, the Court will not address the State's alternate reason for denying the Petition.

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that the instant Petition is time-barred. In the Court's view, reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, the Court will dismiss the Petition as time-barred. An appropriate Order will be entered.

7